# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| DIRECTV, LLC, a California limited Liability company, | : : : |
| Plaintiff, | : : |
| v. | : CASE NO.: 1:13-CV-28 (WLS) |
| | : |
| STANLEY WELLS d/b/a WELLS ENTERPRISES and CHATTAHOOCHEEONLINE.COM; TRIPOLIE S. WELLS, a/k/a TRIPOLI SCOTT and d/b/a DIGITAL CONNECTIONS and JAZZMIN WELLS, d/b/a DIGITAL CONNECTIONS, | : : : : : : : : |
| Defendants. | : : |

## ORDER

By Order dated April 4, 2013, the Court informed Defendants, who are attempting to appear *pro se*, that they would have thirty days to inform the Court as to any basis for representing their business entities without legal representation. (Doc. 15.) On May 3, 2013, Defendants Stanley Wells and Tripolie Wells filed a response to said order. (Doc. 20.) Therein, Defendants S. Wells and T. Wells stated that Wells Enterprises and Digital Connections, respectively, are sole proprietorships rather than partnerships. Defendants did not provide the Court with any information on Defendant Jazzmin Wells' status as it relates to Digital Connections.

After reviewing Defendants' response, the Court is currently satisfied that Defendant S. Wells and T. Wells can represent Wells Enterprises and Digital Connections, respectively, in their capacities as sole proprietors of these entities. The

Court further concludes that Jazzmin Wells, in her individual capacity, may proceed *pro se*.[1]

In their response to the Court's order, Defendants also request that they be allowed to provide a more definite statement of their counterclaims. (Doc. 20 at 2.) On April 16, 2013, Plaintiff filed a Motion to Dismiss wherein it requested that, in the alternative, Defendants be ordered to file a more definite statement of their counterclaims. (Doc. 17 at 5.) Per Plaintiff, "[i]n their current form, the counterclaims are so vague and ambiguous that DIRECTV cannot reasonably prepare a response." (*Id.*)

Rule 12(e) of the Federal Rules of Civil Procedure provides

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Whether to grant such a motion is within the sound discretion of the Court. *United States v. Metro Dev. Corp.*, 61 F.R.D. 83, 85 (1973). Because Defendants have requested the opportunity to file a more definite statement, the Court will **GRANT** Plaintiff's Motion for a More Definite Statement (Doc. 17) and **DENY WITHOUT PREJUDICE** Plaintiff's Motion to Dismiss (Doc. 17). Defendants are hereby **ORDERED** to provide a more definite statement of their counterclaims **within fourteen (14) days of the entry and filing of this Order**.

**SO ORDERED**, this   20th   day of May, 2013.

---

[1] Nothing in this order, however, precludes the Court from later revisiting the representation issues should the record produce any information demonstrating that these individuals are not entitled to proceed *pro se.*

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT JUDGE**
