**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DIRECTV, LLC, a California limited Liability company, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    CASE NO.: 1:13-CV-28 (WLS) <br> : |
| STANLEY WELLS d/b/a WELLS ENTERPRISES and CHATTAHOOCHEEONLINE.COM; TRIPOLIE S. WELLS, a/k/a TRIPOLI SCOTT and d/b/a DIGITAL CONNECTIONS and JAZZMIN WELLS, d/b/a DIGITAL CONNECTIONS, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## ORDER

Presently pending before the Court is Plaintiff DIRECTV, LLC's Second Motion to Dismiss Defendants' Counterclaims Or, In the Alternative for a More Definite Statement. (Doc. 28.) Therein, Plaintiff states that Defendants' negligent-misrepresentation counterclaims should be dismissed for failure to meet the heightened pleading requirement applicable to fraud claims under Federal Rule of Civil Procedure 9(b). (*Id.* at 6-9.) Plaintiff also contends that, in the event the Court chooses not to dismiss Defendants' counterclaims, the Court should direct Defendants to file another more definite statement of their counterclaims. (*Id.* at 9.) Finally, as another alternative, Plaintiff requests that the Court decline to exercise supplemental jurisdiction over Defendants' counterclaims because said claims serve the basis of a related action filed by Defendants against DIRECTV and other third parties currently

pending in the Superior Court of Decatur, County, Georgia.  (*Id.* at 2.)  In response to Plaintiff's motion, Defendants Stanley and Tripolie Wells requested that they be permitted to "issue another response for [their] counterclaim" so that they may "give a more definitive statement to [their] claim."  (Doc. 31 at 2.)

According to Federal Rule of Civil Procedure 8(a), to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  When the pleading seeks to allege fraud (a category that includes negligent misrepresentation), the pleading standard is more rigorous and requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Concerned with putting the defending party on notice of the particulars of the alleged fraud, "the 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations and quotations omitted).  To this end, Rule 9(b) is intended to "eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985).

In Georgia, the common law tort of fraud requires five elements: (1) a false representation by the defendant; (2) with scienter, or knowledge of the falsity; (3) with intent to deceive the plaintiff or to induce the plaintiff into acting or refraining from acting; (4) on which the plaintiff justifiably relied; (5) with the proximate cause of damages to the plaintiff.  *Prince Heaton Enter., Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357, 1360 (2000) (citations omitted).  "Negligent

misrepresentation is similar to fraud and requires the same elements of proof, the only difference being whether the defendant knowingly or negligently made the misrepresentations." *American Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1365 (N.D. Ga. 2006) (citing *Prince Heaton Enters., Inc.*, 117 F. Supp. 2d at 1360). Thus, Georgia courts conclude that to establish a claim of negligent misrepresentation, a party must allege three essential elements: (1) opposing party negligently supplied false information to foreseeable persons, known or unknown; (2) such persons' reliance on that information was reasonable; and (3) economic injury proximately resulted from that reliance. *Arch Ins. Co. v. Clements, Purvis & Stewart, P.C.*, 850 F. Supp. 2d 1371, 1373 (S.D. Ga. 2011) (citations omitted).

In terms of how these standards translate into a pleading that meets the heightened pleading standards of Rule 9(b), to sufficiently state a claim for fraud, a complaint generally has to identify: **1) the precise statements, documents or misrepresentations made; 2) the time and place of and persons responsible for the statement; 3) the content and manner in which the statements misled the plaintiff; and 4) what the defendants gained by the alleged fraud.** *West Coast Roofing & Waterproofing, Inc.*, 287 F. App'x at 86. Additionally, conclusory allegations do not pass muster under Rule 9(b); the complaint must plead facts creating an inference of fraud. *Id.* "When Rule 9(b) applies to a complaint, a plaintiff is not expected to actually *prove* his allegations, and we defer to the properly pleaded allegations of the complaint. But we cannot be left wondering whether a plaintiff has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit." *U.S. ex rel. Clausen v. Lab. Corp.*, 290 F.3d 1301, 1314 (11th Cir. 2002). Thus, although Rule 9(b) should be read in harmony with Rule 8(a), if a fraud claim as

3

pled fails to put a defendant on notice of the particularities of the conduct underlying the fraud, the fraud claim is subject to dismissal.

Here, the Court finds that the only count that even comes close to meeting the aforementioned standards is Count I where Defendants allege that DIRECTV allegedly misrepresented that the accounts being created were not in fact legal. However, all other counts fall very short of pleading fraud, and, as noted by Plaintiff, even fail to include allegations of any misrepresentations. Nevertheless, the Court will give Defendants one more opportunity to provide a more definite statement of their counterclaims before ruling on Plaintiff's Second Motion to Dismiss. Accordingly, Defendants are hereby **ORDERED** to provide a more definite statement of their counterclaims **within fourteen (14) days of the entry and filing of this Order**.

As for the letter filed by Defendants, dated September 23, 2013, the Court construes this letter as a request that the Court provide counsel. (*See generally* Doc. 40.) This is a civil case. The Eleventh Circuit states that: "Court appointment of counsel in civil cases is warranted only in 'exceptional circumstances,' and whether such circumstances exist is . . . committed to district court discretion." *White v. State Attorney*, 277 F. App'x 962, 963 (11th Cir. 2008) (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position in the court." *Id.* The Court finds that no exceptional circumstances warrant the appointment of counsel here. The issues in this case concern a contractual dispute between DIRECTV and Defendants. As business owners, Defendants should be able to sufficiently defend themselves against allegations that they engaged in actionable business practices. Accordingly, Defendants' Request for Appointment of Counsel (Doc. 40), to the extent it can be construed as such, is **DENIED WITHOUT PREJUDICE**.

4

The Court will *sua sponte* revisit Defendants' request for the appointment of counsel as this case proceeds, if and when circumstances require.

**SO ORDERED**, this   30th   day of September, 2013.

                                           /s/ W. Louis Sands
                                           **THE HONORABLE W. LOUIS SANDS,**
                                           **UNITED STATES DISTRICT JUDGE**