**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DIRECTV, LLC, a California limited Liability company, : : : | |
| Plaintiff, : : | |
| v. : | CASE NO.: 1:13-CV-28 (WLS) |
| : | |
| STANLEY WELLS d/b/a WELLS ENTERPRISES and CHATTAHOOCHEEONLINE.COM; TRIPOLIE S. WELLS, a/k/a TRIPOLI SCOTT and d/b/a DIGITAL CONNECTIONS and JAZZMIN WELLS, d/b/a DIGITAL CONNECTIONS, : : : : : : : : : | |
| Defendants. : : | |

**ORDER**

On September 26, 2013, Plaintiff DIRECTV, LLC filed a Motion to Compel Discovery (Doc. 41) and a Motion to Compel Initial Disclosures and Order to Show Cause (Doc. 42). In these motions, DIRECTV represents that Defendants have failed to serve their Federal Rule of Civil Procedure 26(a)(1) disclosures and have failed to respond to written discovery requests. In addition for an order compelling Defendants to submit their initial disclosures and respond to written discovery, DIRECTV requests that the Court direct Defendants to show cause why an evidence exclusion order or other form of sanction should not be entered for Defendants failure to serve their initial disclosures. *See* Fed. R. Civ. P. 37(c)(1). DIRECTV also requests an award of $750 in reasonable expenses for each of its motions. Defendants have not responded to either motion. (*See* Docket.)

1

Because the record reflects that Defendants have failed to participate in the discovery process, as alleged, DIRECTV's Motions to Compel Discovery (Doc. 41) and to Compel Initial Disclosures (Doc. 42) are hereby **GRANTED**. Defendants are **ORDERED** to serve their Rule 26(a)(1) initial disclosures and respond to all written discovery **not later than Thursday, November 7, 2013**. The Court **DENIES WITHOUT PREJUDICE** DIRECTV's Motion for an Order to Show Cause (Doc. 42). While the Court understands DIRECTV's frustration with Defendants' failure to participate in the discovery process, at this juncture, it seems counterintuitive that Defendants be made to both submit the information required by Rule 26(a)(1) and defend against its exclusion. Instead, the Court concludes that if Defendants do not comply with the requirements of this Order, i.e., submit their initial disclosures and discovery responses by the deadline set forth herein, the Court will then, in its discretion, impose an appropriate sanction. Said sanction may include prohibiting Defendants from relying on any information, facts, or witnesses not disclosed during discovery.

Finally, because the Court is granting DIRECTV's motions to compel, the Court will also address DIRECTV's request for fees. Rule 37 states that if a party's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court may excuse this requirement where (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). The rule states that the Court must give the non-disclosing

party an opportunity to be heard.  Therefore, in addition to the other directives set out in this Order, Defendants are also **ORDERED** to file a written memorandum stating why the Court should not award fees for their failure to initially respond to discovery and serve their Rule 26(a)(1) initial disclosures.  Defendants' brief(s) should be ***narrowly tailored*** to addressing only those reasons why a fee award is not warranted.  The text of said memorandum shall not exceed **three (3) pages**.  Said brief(s) shall be filed not later than **Thursday, November 7, 2013**.  After receipt of Defendants' brief(s), the Court will then rule on whether DIRECTV should receive reasonable attorney's fees incurred in bringing the instant discovery motions.

## CONCLUSION

Accordingly, DIRECTV's Motion to Compel Discovery (Doc. 41) is **GRANTED**. DIRECTV's Motion to Compel Initial Disclosures and Order to Show Cause (Doc. 42) is **GRANTED-IN-PART** with respect to the order to compel initial disclosures and **DENIED-IN-PART WITHOUT PREJUDICE** as to the order to show cause. Defendants shall serve their Federal Rule of Civil Procedure 26(a)(1) initial disclosures and their responses to written discovery **not later than Thursday, November 7, 2013**.  Defendants shall also file a written memorandum **not later than Thursday, November 7, 2013**, that addresses why DIRECTV is not entitled to a reasonable fee award to cover the expenses incurred in soliciting the Court's assistance for the facilitation of discovery.  Defendants are further noticed and warned that failure to comply with this Order may result in sanctions, including striking Defendants' answers and/or defenses.

**SO ORDERED**, this ___17th___ day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

3