**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DIRECTV, LLC, a California limited Liability company, :  :  : Plaintiff, :  :  : v. :  :  : STANLEY WELLS d/b/a WELLS : ENTERPRISES and : CHATTAHOOCHEEONLINE.COM; : TRIPOLIE S. WELLS, a/k/a TRIPOLI : SCOTT and d/b/a DIGITAL : CONNECTIONS and : JAZZMIN WELLS, d/b/a DIGITAL : CONNECTIONS, :  :  : Defendants. : : | CASE NO.: 1:13-CV-28 (WLS) |

**ORDER**

On June 24, 2013, Plaintiff DIRECTV, LLC filed a Second Motion to Dismiss Defendants' Counterclaims Or, In the Alternative for a More Definite Statement (Doc. 28), requesting that Defendants' negligent-misrepresentation counterclaims be dismissed for failure to meet the heightened pleading requirement applicable to fraud claims under Federal Rule of Civil Procedure 9(b). Rather than substantively respond to Plaintiff's Motion, on July 16, 2013, Defendants requested that the Court allow them to submit a more definite statement of their counterclaims. (Doc. 31.)

On September 30, 2013, the Court directed Defendants to provide another more definite statement of their counterclaims.[1] (Doc. 44.) This time, the Court specifically outlined Federal Rule of Civil Procedure 9(b)'s fraud pleading requirements and a

---

[1] The Court granted a previous request to submit a more definite statement on May 20, 2013. (Doc. 21.) Defendants submitted their more definite statement on June 4, 2013 (Doc. 23), and the instant Motion to Dismiss (Doc. 28) followed shortly thereafter.

party's burden thereunder for Defendants. (*See id.*) On October 15, 2013, citing a lack of understanding of the federal pleading requirements, Defendants requested "additional time" to comply with the Court's September 30, 2013 Order. (Doc. 46.) Defendants went on to reiterate that they are innocent of DIRECTV's claims against them. (*See id.* at 2.)

After reviewing DIRECTV's Second Motion to Dismiss (Doc. 28), Defendants' Counterclaim (Doc. 23) and Defendants' "Response" in Opposition to DIRECTV's Second Motion to Dismiss (Doc. 46), the Court finds that Defendants will be permitted no further opportunities to provide a more definite statement of their counterclaims. To the extent there has been a fraud via a negligent misrepresentation, Defendants have been given ample opportunity to submit a statement of their counterclaims that outlines these allegations. Thus, the Court will consider Defendants' counterclaims as currently articulated.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282

(11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but we are not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a Complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-54 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). In the post-*Twombly* era, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

According to Federal Rule of Civil Procedure 8(a), to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." When a pleading seeks to allege fraud (a category that includes negligent misrepresentation), the pleading standard is more rigorous and requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As the Court stated in its September 30, 2013 Order, to establish a claim of negligent misrepresentation, a party must allege three essential elements: (1) opposing party negligently supplied false information to foreseeable

3

persons, known or unknown; (2) such persons' reliance on that information was reasonable; and (3) economic injury proximately resulted from that reliance. *Arch Ins. Co. v. Clements, Purvis & Stewart, P.C.*, 850 F. Supp. 2d 1371, 1373 (S.D. Ga. 2011) (citations omitted). Here, Defendants have alleged five counts of negligent misrepresentation. The Court finds that none of these counts satisfy Rule 9(b)'s pleading requirements or even Rule 8's more lax notice pleading requirement.[2]

In Count I, Defendants allege that DIRECTV never notified them that the accounts being created were illegal. (Doc. 23 ¶¶ 6-12.) The gravamen of DIRECTV's complaint against Defendants is that Defendants created fraudulent commercial subscriber accounts and used those accounts to activate DIRECTV satellite receiving equipment that Defendants distributed and sold to unauthorized individuals. Defendants contend that the accounts were opened in accordance with the proper procedures for opening accounts and that DIRECTV never stated that the accounts opened were illegally created or against DIRECTV's policies. In the Court's view,

---

[2] District courts in the Eleventh Circuit differ over whether Rule 9(b)'s heightened pleading standard should apply to actions alleging a negligent misrepresentation. *See Atwater v. Nat'l Football League Players Ass'n*, No. 1:06-cv-1510, 2007 WL 1020848, at *13 (N.D. Ga. Mar. 29, 2007) (collecting cases). While the Eleventh Circuit has not expressly ruled on this issue, in both *Inman v. American Paramount Financial*, 517 F. App'x 744, 748 (11th Cir. 2013) and *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012), the Eleventh Circuit affirmed district courts' dismissals of negligent-misrepresentation claims for failure to meet Rule 9(b)'s pleading requirements. In neither of these cases did the Eleventh Circuit raise concerns about the propriety of applying Rule 9(b) to a claim for negligent misrepresentation. In fact, in *Smith*, the Eleventh Circuit stated that the "district court *properly* dismissed" fraud claims that included a negligent-misrepresentation claim because the plaintiff failed to plead the claims with particularity as required by Rule 9(b). *Smith*, 488 F. App'x at 428 (emphasis added). Therefore, because DIRECTV asserts that Rule 9(b) applies and Defendants have not challenged this contention, the Court will assess Defendants' counterclaims under Rule 9(b). *See, e.g., Purchasing Power, LLC v. Bluestem Brands, Inc.*, No. 1:12-cv-258, 2012 WL 3065419, at *7 n.4 (N.D. Ga. July 27, 2012) (assuming that a claim for negligent misrepresentation must be pleaded in conformity with Rule 9(b) where plaintiff did not challenge Rule 9(b)'s applicability). Even if Rule 9(b) does not apply, as shown below, Defendants negligent-misrepresentation claims still fail under Rule 8 because Defendants fail to identify any negligent misrepresentations made by DIRECTV. *See, e.g., Foxworthy, Inc. v. CMG Life Servs., Inc.*, No. 1:11-cv-2682, 2012 WL 1269127, at *6 (N.D. Ga. Apr. 16, 2012) (applying Rule (b) but alternatively dismissing plaintiff's negligent misrepresentation claim under Rule 8 for failure to give defendants "fair notice of the [p]laintiff's claim and the grounds upon which it rests") (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555))).

Defendants' argument, as embodied in Count I, is a defense to DIRECTV's allegations, not an allegation that DIRECTV "negligently supplied false information" to Defendants. Additionally, even if Defendants' arguments can be construed as alleging a claim for negligent misrepresentation, Defendants have not provided any factual support for their allegation that DIRECTV made any "misrepresentations" regarding the fraudulent accounts aside from their conclusory allegations that DIRECTV must have been providing them with false information since they (Defendants) believe that their conduct was lawful. Such conclusory allegations do not pass muster under *Twombly/Iqbal*. Therefore, Count I is dismissed.

In Count II, Defendants allege that DIRECTV negligently misrepresented that it was "legal and appropriate" to put consumer accounts in Tripolie Scott Wells' name. Defendants state, however, that it was "Direct Star, acting on behalf of DirecTV" that represented that the manner by which Defendants were creating accounts was legal. Defendants make no direct allegation against DIRECTV. Nevertheless, where multiple parties are involved, a complaint must "contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient."[3] *West Coast Roofing & Waterproofing, Inc.*, 287 F. App'x 81, 86 (11th Cir. July 24, 2008) (citation omitted); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) ("Because fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), . . . the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme.") Thus, because Count II fails to contain a specific allegation of a negligent misrepresentation made by DIRECTV, the only defendant named in this case, Count II is dismissed. The Court also

---

[3] Though Direct Star is not a defendant in this case, the rationale behind not permitting generalized allegations against multiple parties nevertheless applies here with equal force.

5

finds that Count IV suffers the same deficiency as Count II. In Count IV, Defendants allege that Don Cowling, an authorized dealer for DIRECTV, misrepresented the equipment-installation process to Defendants. Because Cowling is not a defendant in this case, and Count IV contains no specific allegation of a negligent misrepresentation against DIRECTV, Count IV is dismissed as well.

Finally, the Court finds that Counts III and V should be dismissed because they fail to identify any negligent misrepresentation made by DIRECTV. From this Court's reading of Counts III and V, these counts merely recount the chain of events following DIRECTV's discovery that Defendants may have engaged in fraud. Thus, although Defendants have set forth their dispute with the way DIRECTV may have handled the breakdown in the business relationship, Defendants have not alleged fraud via negligent misrepresentation. Therefore, Counts III and V are also dismissed.

The Defendants have also requested that the Court "revisit the request for legal representation." (Doc. 46 at 2.) In its September 30, 2013 Order, the Court informed Defendants that appointment of counsel in a civil case is only done in "exceptional circumstances" and that their status as business owners makes them sufficiently able to defend themselves against allegations involving their business practices. (Doc. 44.) Nothing submitted by Defendants to date causes the Court to disturb this finding. As the Court noted to Defendants, should "exceptional circumstances" materialize that make the appointment of counsel appropriate, the Court will *sua sponte* reexamine Defendants' request for counsel.

## CONCLUSION

For the foregoing reasons, DIRECTV, LLC's Second Motion to Dismiss Defendants' Counterclaims (Doc. 28) is **GRANTED**. Defendants' "Counter Claim to

Plaintiff[']s Complaint for Compensation, and Relief" (Doc. 23) is **DISMISSED** for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

      **SO ORDERED**, this   13th   day of November 2013.

                                /s/ W. Louis Sands
                                **W. LOUIS SANDS, UNITED STATES DISTRICT JUDGE**