IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DIRECTV, LLC, *a California Limited Liability Company,* | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 1:13-CV-28 (WLS) |
| STANLEY WELLS, d/b/a WELLS ENTERPRISES and CHATTAHOOCHEEONLINE.COM, TRIPOLIE WELLS, a/k/a TRIPOLIE SCOTT, d/b/a DIGITAL CONNECTIONS, and JAZZMIN WELLS, d/b/a DIGITAL CONNECTIONS, | : : : : : : : : | |
| Defendants. | : : | |

## ORDER

Before the Court is Plaintiff DIRECTV's Motion to Approve Consent Judgment (Doc. 52), Motion for Leave to File an Amended Complaint (Doc. 54), Motion for Partial Summary Judgment (Doc. 54), and Motion to Compel Discovery (Doc. 53.) The Court will consider each of Plaintiff's Motions.

I. **RELEVANT PROCEDURAL and FACTUAL BACKGROUND**

On February 27, 2013, Plaintiff brought an action against Stanley Wells, doing business as Wells Enterprises and ChattahoocheeOnline.com, and Tropolie Wells, and Jazzmin Wells, both doing business as Digital Connection (hereinafter "Defendants"). Therein, Plaintiff

1

alleged Defendants created fraudulent subscriber accounts and used them to activate and sell Plaintiff's proprietary equipment to individuals Plaintiff was not under contract with.  (Doc. 1, at ¶1.)  As a result, Plaintiff brought action claiming Defendants violated the Federal Communications Act ("FCA"), 47 U.S.C. § 605, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-21, and the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and sought injunctive relief as well as damages. (*Id.*, at ¶¶2-3.)  On March 26, 2013, Defendants answered Plaintiff's complaint.  (Doc. 13.)

After considering several motions, the Court entered a Discovery and Scheduling Order on August 13, 2013.  (Doc. 36.)  On September 26, 2013, acknowledging the Court's Discovery and Scheduling Order, Plaintiff filed a Motion to Compel Discovery (Doc. 41) and Motion to Compel Initial Disclosures and Order to Show Cause (Doc. 42) after Defendants failed to serve their initial Fed. R. Civ. P. 26(a)(1) disclosures.  (Doc. 47.)  Granting Plaintiff's Motion except for its request for an Order to Show Cause, this Court ordered Defendants to provide all initial disclosures and requested written discovery to Plaintiff no later than November 7, 2013.  (*Id.*)

Simultaneous to discovery taking place, during the months of November and December after Defendants Tripolie Wells and Jazzmin Wells were deposed, settlement discussions between the parties took place.  (*See* Doc. 52; Doc. 57.)  On December 30, 2013, Plaintiff drafted an agreement for both parties to agree upon.  (Doc. 52.)  Under the impression no settlement agreement would be finalized until all Defendants signed the agreement and were given a day to review all related documents, Defendants Stanley and Tripolie Wells signed Plaintiff's draft settlement agreement.  (Doc. 52-2, at 1-12; Doc. 57.)  Defendant Jazzmin Wells did not sign the agreement.  (*Id.*)  On December 31, 2013, Defendants and Plaintiff disagreed upon terms included in the settlement agreement. (Doc. 57-1, at 6-10.)  On December 31 later that day, after an e-mail correspondence between Defendant Stanley Wells and Plaintiff's counsel disagreeing on settlement terms, Plaintiff's counsel sent notice

2

of Plaintiff's intent to file the settlement agreement with Stanley and Tripolie Wells' signatures. (Doc. 57-1.)

On January 6, 2014, Plaintiff filed a Motion to Approve Consent Judgment (Doc. 52) asking this Court to enforce its drafted settlement agreement and a Motion to Compel Discovery. (Doc. 53.) A few weeks later, on January 30, 2014, Plaintiff then filed a Motion for Leave to File Amended Complaint and Motion for Partial Summary Judgment. (Doc. 54.) *Pro Se* Defendants filed their response on February 21, 2014. (Doc. 57.)

II. **DISCUSSION**

    A. Motion to Approve Consent Judgment

Plaintiff contends an enforceable settlement agreement exists between the parties and as a result, the Court should enter a Consent Judgment on its behalf. (Doc. 52.) A consent judgment is a judicial act whereby a Court renders judgment on a plaintiff's right of recovery with the intent it be given the same force and effect as a judgment after a trial. *Pope v. US,* 323 U.S. 1, 12 (1944); *Mastercraft Fabrics Corp.* v. *Dickson Elberton Mills Inc.,* 821 F.Supp. 1503, 1510 (M.D. Ga. 1993). Under Georgia law, a court's review of a motion to enforce a settlement agreement by consent is similar to the analysis court's undertake in reviewing a motion for summary judgment. *Jackson v. Cooper Lighting, LLC*, No. 1:11-cv-067-WLS, 2013 WL 1501611, at *1 (M.D. Ga. 2013); *see e.g. Ballard v. Williams,* 476 S.E.2d. 783, 784 (Ga. Ct. App. 1996). When analyzing a settlement agreement courts must decide whether the movant has shown "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case." *Jackson,* 2013 WL 1501611, at *1 (citing *Ballard,* 476 S.E.2d at 784). Just as the standard in summary judgment proceedings, courts must view all genuine issues of material fact in favor of the nonmoving party. *Id.*

Settlement agreements between parties are construed and governed by traditional contract principles under Georgia law. *Wong v. Bailey,* 752 F.2d 619, 621 (11th Cir. 1985). Settlements must meet the same contract formation and enforceability requirements all other

contracts are scrutinized under. *Id.* Ensuring mutual assent regarding the terms of a settlement is imperative to the enforceability of a contract. *Jackson,* 2013 WL 1501611, at *2. Mutual assent to a settlement agreement can be implied from both surrounding circumstances and conduct. *Id.* Multiple documents submitted as evidence may be read collectively in discerning both the elements and terms of a contract. *Dibrell Bros. Intern. S.A. v. Banca Nazionale Del Lavoro,* 38 F.3d 1571, 1582 (11th Cir. 1994). No contract can exist in Georgia unless the parties are in agreement on all of the material terms and conditions and nothing is left to future agreement. *Id.*

Defendants argue they did not enter into an enforceable settlement agreement with Plaintiff because they disagreed on the initial payment schedule and since Defendant Jazzmin Wells did not sign the settlement agreement. Viewing the records of this case in full from a perspective most favorable to Defendants, the Court is unconvinced no question of fact remains as to the enforceability of Plaintiff's settlement agreement. E-mail correspondence between the Parties show, amongst other issues, a potential inability to reach an agreement on "New Payment Terms" within their settlement. (Doc. 57-1, at 6.) During that correspondence, Plaintiff's counsel suggested his directions were to "withdraw" the settlement offer unless Defendants agreed to all of the items outstanding including payment issues. (*Id.*) In response, Defendant Stanley Wells expressed an unwillingness to accept the additional terms for settlement, particularly the "New Payment Terms." (*Id.* at 8-9.) Certainly, a fact finder could conceivably gleam a lack of assent between the parties.

Therefore, for the reasons mentioned, Defendant's Motion to Approve Consent Judgment is **DENIED**. (Doc. 52.)

### B. Motion for Leave to File an Amended Complaint

Plaintiff also seeks leave from this Court to file an Amended Complaint. (Doc. 54.) Specifically, Plaintiff requests an opportunity to amend its complaint so they can bring a breach of contract claim against Defendants. (*Id.* at 2.) The Discovery and Scheduling Order entered by the Court set a deadline of September 16, 2013 to file motions to amend

4

pleadings.  (Doc. 36.)  Plaintiff filed the present motion on January 30, 2014, requesting leave to amend under Fed. R. Civ. P. 16 (b).

In support of its Motion, Plaintiff refers to the Court's decision in *Jackson v. Worth Cnty. 911,* noting "after a Court has entered a scheduling order, the movant is required to meet the 'good cause' requirements under Rule 16(b)" before the Court considers whether an amendment is proper under Rule 15(a).  No. 1:11-cv -49-WLS, 2013 WL 1296352, at *2 (M.D. Ga. Mar. 28, 2013).  In *Jackson*, this Court also made clear "if a party was not diligent, the (good cause) inquiry should end" and a motion to amend pleadings should be denied.  *Id.* Plaintiff was not sufficiently diligent in attempting to amend its complaint.

Plaintiff's only support for showing the requisite good cause under Rule 16(b) is they did not know Defendant Stanley Wells was allegedly responsible for creating accounts and maintaining them for the benefit of his customers until November 13, 2013.  (Doc. 54, at 8.)  Contrary to Plaintiff's assertion, its initial complaint alleges Defendants created accounts for the benefit of individuals without Plaintiff's consent, in essence the same accusation.  (Doc. 1, at ¶¶ 26-7.)  Nevertheless, Plaintiff choose not to file a claim for breach of contract at that time or prior to September 16, 2013.

Even if the Court accepted Plaintiff's contention it lacked the information necessary to bring a breach of contract action until November and then delayed bringing suit because of settlement discussions, there's no explanation for why a motion to amend the complaint was not filed on January 6, 2014 with its Motion for Consent Judgment.  Put simply, even if we take Plaintiff's proclamations within its Motion as true, there still remains an inadequate showing of diligence.

Accordingly, Plaintiff's Motion to Amend Complaint is **DENIED**.  (Doc. 54.) Furthermore, since Plaintiff's Partial Summary Judgment Motion is predicated on amending its complaint to add a breach of contract claim, Plaintiff's Motion for Partial Summary Judgment is **MOOT** and is **DENIED** as such. (Doc. 54.)

5

### C. Motion to Compel Discovery

Last, Plaintiff filed a Motion to Compel Discovery. (Doc. 53.) Plaintiff moves this Court to order the production of documents, exclude evidence under Fed. R. Civ. P. 37(c), and grant an extension of discovery to depose Defendant Stanley Wells. The Court will address each request.

### i. Compelling Production of Documents

The present Motion claims Defendants inadequately produced requested discovery. On October 17, 2013, the Court directed Defendants to serve their initial Fed. R. Civ. P. 26(a)(1) disclosures as well as respond to all written discovery not later than November 7, 2013. (Doc. 47.) Pursuant to the Court's Discovery and Scheduling order, both Parties were to make all motions to compel discovery "within twenty-one (21) days of the date on which the response(s) was due or twenty-one days (21) days of receipt of an allegedly inadequate response, and not later than twenty-one (21) days after the close of discover, *whichever first occurs*." (Doc. 36, at 2-3.)(*emphasis added.*) Plaintiff acknowledged its awareness of this rule in its first Motion to Compel Discovery, (*See* Doc. 41, at 2), but choose not to follow the rule in bringing the present Motion to Compel.

Assuming Defendants did not abide by the ordered deadline of November 7, 2013 to produce discovery, Plaintiff had 21 days from when those responses were due to once again compel discovery. On November 28, 2013, 21 days later, the Court received no motions seeking to compel discovery. Even if the Court accepts Plaintiff's suggestion that it learned of additional documents after deposing Defendants Tripolie and Jazzmin Wells on November 13, 2013, the decision not to comply with the Court's rule for motions to compel was one knowledgeably made and inexcusable. (Doc. 53, at 4-5.) Here, Plaintiff is not suggesting it lacked the ability to comply with deadlines to file a motions to compel; instead, Plaintiff suggests it decided to ignore the deadline to not "unnecessarily burden the Court." (*Id.*, at 5.) Parties' presuppositions regarding what would burden the Court alone are not enough to excuse adherence to the clear terms of a scheduling order. Litigants are expected

6

to meet the clear terms of a court's scheduling order, something Plaintiff did not do here. *FTC v. Lalonde,* 545 Fed. App'x. 825, 834 (11th Cir. 2013).

Accordingly, Plaintiff's Motion to Compel Discovery is **DENIED**.

### ii. Rule 37 Sanctions

Plaintiff also argues Fed. R. Civ. P. 37(c) requires Defendants to face sanction from this Court. Similar to Plaintiff's Motion to Compel, Defendants are blamed with not providing their initial disclosures, even after being ordered to do so by this Court.

On November 7, 2013, in response to the Court's Order compelling initial disclosures, the Court received correspondence from Defendants regarding their violation of Fed. R. Civ. P. 26(a)(1). (Doc. 49.) Within that correspondence, Defendants ensured the Court they "turned all the documentation, for initial disclosures" over to Plaintiff as directed. (*Id.*) Defendants went on to acknowledge a few additional pieces of outstanding evidence they would attempt to get to Plaintiff by November 13 or 14, 2013. (*Id.*) Upon receipt of these initial disclosures on November 7, 2013, Plaintiff ignored the Court's Scheduling and Discovery Order requiring all motions to compel be filed "within twenty one (21) days of receipt of an allegedly inadequate response." (Doc. 41, at 2.)

Rule 37(c) calls for sanctioning a party when there's a failure to disclose information required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1); *Reese v. Herbert,* 527 F.3d. 1253, 1265 (11th Cir. 2008). Where there's a failure to disclose under Rule 26(a), brought to the Court in a timely fashion, this Court is willing to put forward sanctions where appropriate. However, this Court will not award untimely and unsubstantiated requests for sanctions past scheduling deadlines without good cause shown. Therefore, Plaintiff's request for Rule 37(c) sanction is **DENIED**.

### iii. Extension of Discovery to Depose Defendant Stanley Wells

Plaintiff also requests a brief extension of the discovery deadline to depose Defendant Stanley Wells. (Doc. 53.) The Court's Scheduling and Discovery Order established a January 6, 2014 deadline for fact discovery to end "unless extended by the

Court for good cause shown." (Doc. 36.) After thoroughly reviewing the record, the Court finds good cause for a limited extension of discovery specifically to depose Defendant Stanley Wells.

Accordingly, the deadline for discovery is **EXTENDED** for the specific purpose of deposing Defendant Stanley Wells. All other fact discovery has ended. Plaintiff is given **thirty (30) days from the entry of this Order** to depose Defendant Stanley Wells. Defendant Stanley Wells shall cooperate with the timely scheduling of his deposition on a date or dates within 30 days of the entry of this Order. Further extension of the discovery period and any related deadline(s) shall be granted only to avoid a manifest miscarriage of justice upon timely written motion for reasons not necessarily foreseeable or avoidable by the moving Party or Parties.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Approve Consent Judgment (Doc. 52), Motion for Leave to File an Amended Complaint (Doc. 54), and Motion for Partial Summary Judgment (Doc. 54) are all **DENIED**. Plaintiff's Motion to Compel is **DENIED**. (Doc. 53.) Plaintiff's attempt to compel discovery and request for Fed. R. Civ. P. 37(c)(1) sanctions are **DENIED**. Plaintiff's request to briefly extend discovery is **GRANTED** specifically to depose Defendant Stanley Wells.

**SO ORDERED**, this  19th  day of September, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

8